IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BEVERLY JORNIGAN,
DWIGHT WARD, and JON MORAN,

      Plaintiffs,

vs.   No. CV 03-813 JB/ACT

NEW MEXICO MUTUAL CASUALTY
COMPANY, and WARREN SMALLEY,
JOHNNY SUAREZ, PAUL CANNIZARRO,
DEBORAH PAYNE, KAREN ALARID,
RAYMOND PEROVICH, TED KNIGHT,
BILL GARCIA, FABIAN CHAVEZ, CHARLES
DUKE COLKETT, RON MOSHEL, BRIAN
STOKES, NESTOR ROMERO, and ERIC SERNA,
in their individual capacities,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendant Nestor Romero's Motion to Amend His Answer to the Complaint, filed March 19, 2004 (Doc. 57). The issue is whether the Court should permit the Defendant, Nestor Romero, to amend his answer in which his attorney mistakenly conceded that Romero was a state employee. Because the Court sees no sound reason to preclude Romero from amending his answer to correct this mistake, the Court will grant the motion to amend.

## BACKGROUND

The Plaintiffs filed their Complaint in this matter on July 10, 2003. See Complaint for Title VII Violations, Civil Rights Violations, and State Statutory and Common Law Claims, filed July 10,

2003 (Doc. 1)("Complaint"). In their Complaint, the Plaintiffs allege that "Defendant Nestor Romero at all relevant times worked for the Insurance Division [of the New Mexico Public Regulation Commission]." Id. ¶ 11, at 2. The Plaintiffs also allege that all "Defendants engaged in state action and acted under color of state law." Id. ¶ 12, at 3. Further, the Plaintiffs allege that "Defendant Romero wrote and/or supervised the writing of a target examination report on New Mexico Mutual" and that "Defendant Serna was at all relevant times Romero's superior." Id. ¶ 44, at 7.

In the answer to the Complaint that Romero and Defendant Eric Serna filed, their legal counsel admitted that Romero is a state employee and, therefore, a state actor. See Answer of Defendants Nestor Romero and Eric Serna ¶ 1, at 1 (admitting ¶¶ 1-12 of the Complaint) and ¶ 11, at 2 (admitting ¶ 44 of the Complaint), filed October 15, 2003 (Doc. 6). The case then went through the pre-discovery stages as the rules require. Thereafter, pursuant to an agreement that counsel reached and the Court endorsed, discovery in this matter was stayed until February 4, 2004. See Order, filed February 4, 2004 (Doc. 43)(lifting stay of discovery). This case then shifted into the pre-trial discovery mode on February 4, 2004.

Subsequent to the filing of the answer, counsel learned from Romero that he was not a state employee, but was, at all relevant times, an employee of either RL Regulatory Consultants, Inc. or Entellus Consulting, Inc., which had a contract with the New Mexico Department of Insurance. On February 5, 2004, Romero's counsel wrote a letter to the Plaintiffs' counsel – Paul Kennedy and Mary Han – which read as follows:

Dear Paul and Mary,

I met with my clients in the Jornigan case this morning and learned for the first time that Mr. Romero is not a state employee, as I thought he was. He is an employee of the corporation, RL Regulatory Consultants, Inc., which has a contract with the

> Department of Insurance. (At the time of the target exam, Mr. Romero was an employee of another independent corporation, Entellus Consulting, Inc.) Thus, I need to change our answers to paragraphs 11 and 12 to the complaint.
>
> In addition, I have added a few affirmative defenses. These are the only changes I want to make.
>
> Could you let me know whether you consent to this? Thank you for your attention to this.
>
> Yours very truly,
>
> John B. Pound

Letter from John B. Pound to Paul J. Kennedy and Mary Y.C. Han, dated February 5, 2004. Pound sent a copy of Romero's proposed amended answer to the Plaintiffs' counsel along with the February 5th letter.

The Plaintiffs' counsel did not respond to the letter. After the passage of several weeks, Romero's attorney concluded that the lack of a response signaled lack of concurrence in the proposed motion. Romero filed the motion to amend with the Clerk of the Court on March 19, 2004, along with a proposed amended answer.

Romero represents that, while his counsel believed he was a state employee at the time he filed his answer, subsequent information has disclosed that Romero is not a state employee and that, at all relevant times, Romero was an employee of a private contractor. Romero moves the Court, pursuant to rule 15 of the Federal Rules of Civil Procedure, for entry of an order granting him leave to amend his answer to the Complaint. The effect of the proposed amendment would be to change Romero's admissions to allegations in the Complaint that he was a state employee, and therefore a state actor, to denials of those allegations.

At the time Romero filed his motion to amend, the Plaintiffs had not propounded any

discovery on Romero and Serna. Since that time, however, the Plaintiffs have served Romero and Serna with discovery. See Certificate of Service, filed April 26, 2004 (Doc. 81). Romero and Serna have also filed a motion for summary judgment. The Plaintiffs oppose Romero's motion to amend his answer.

## LAW ON AMENDMENT OF PLEADINGS

The purpose of admitting or denying allegations in a complaint is to put the parties on notice of the issues in dispute. See 5 C. Wright & A. Miller, Federal Practice and Procedure § 1261, at 382 (2d ed. 1990). "[A] defendant's pleading should apprise the opponent of the allegations in the complaint that stand admitted and will not be in issue at trial and those that are contested and will require proof to be established to enable plaintiff to prevail." Id. at 383.

The question of amending a pleading is a matter of judicial discretion, but courts are disposed to freely grant motions to amend. Indeed, it is not merely a disposition – it is a judicial philosophy stamped in rule 15's wording. Rule 15's relevant portion says: "[A] party may amend the party's pleading only by leave of court or by written consent to the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a).

Courts "balance several factors in deciding whether leave to amend should be granted." 6 C. Wright & A. Miller, supra, § 1487, at 612-13 (2d ed. 1990). It is within a court's discretion to deny a motion to amend for particular reasons, such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." Foman v. Davis, 371 U.S. 178, 182 (1962). In the absence of any such reason counseling against amendment, "the leave sought should, as the rules require, be 'freely given.'" Id.

## **LEGAL ANALYSIS**

None of the conditions set forth in Foman v. Davis for denying a motion to amend are present in this case. Romero's motion for leave to amend his answer is an attempt to correct an inadvertent mistake. In light of counsel's mistake, and particularly in light of the fact that the claims made against Romero are based on 42 U.S.C. § 1983, making the admission material, it is important to allow Romero to amend the answer so that he denies the allegation that he was a state actor.

### **I.   THERE IS NO EVIDENCE THAT ROMERO'S MOTION IS MADE IN BAD FAITH.**

The Plaintiffs respond to Romero's motion to amend his answer, not only with an attempt to persuade the Court to deny the motion, but with the affirmative contention that Romero filed his motion in bad faith. An allegation of bad faith is a representation to the Court that opposing counsel has done something he knows to be in violation of relevant court rules or which he knows is frivolous. It is an accusation that opposing counsel has acted unprofessionally.

The Plaintiffs contend that counsel's belief that Romero was a state employee at the time the answer was filed is inconsistent with counsel's obligation to conduct "an inquiry reasonable under the circumstances" to ensure that the allegations have evidentiary support, as rule 11 requires. Fed. R. Civ. P. 11(b)(3).[1] The Plaintiffs also argue that Romero's admission that he "wrote and/or supervised the writing of a target examination report on New Mexico Mutual" is a factual assertion which is not based on Romero's status as a state employee. The Plaintiffs assert that Romero's attempt to retract his admissions of these allegations at this stage of the litigation demonstrates bad faith.

The Court believes that Romero's counsel made a mistake, rather than engaging in bad faith.

---

[1] The Plaintiffs do not seek rule 11 sanctions, such as attorneys' fees, in their response, but reserve their right to do so. The Court notes, however, that Congress did not intend for lawyers to use rule 11 as a tool of intimidation. Such practice trivializes rule 11's true function.

All Romero wants to do here is to correct a factual error that his legal counsel placed in the initial answer. The Plaintiffs want to prevent Romero from correcting the error, so that Romero is stuck with this admission regardless of its accuracy. While the Court may ultimately conclude that Romero is a state actor and that he acted under the color of state law, Romero should have an opportunity to dispute those allegations if he can, in good faith, do so. The courtroom should remain a place where truth and justice are sought, and not where attorney mistakes are used to penalize the litigants.

The Court does not see evidence that movant's counsel filed his motion to amend in bad faith. Romero has articulated a reasonable basis for his request for leave to amend his answer. Even if Romero's counsel did not undertake the inquiry he should have taken before filing the answer, he has attempted to correct that mistake within the parameters of the governing rules. His request to change his earlier admission to ¶ 44 of the Complaint, while partly unrelated to his status as a state employee, also involves the Plaintiffs' allegation that "Defendant Serna was at all relevant times Romero's superior." Complaint ¶ 44, at 7. Accordingly, the Court will not deny the motion as being made in bad faith.

## II.     ROMERO'S MOTION IS NOT UNTIMELY.

The Plaintiffs contend that the fact Romero waited more than five months to file a motion to amend his answer, without setting forth any justification for his delay, compounds his bad faith. But the Court is not convinced that the motion is untimely. Romero's counsel learned that he had provided erroneous information in his clients' answer to the Complaint at an early stage in these proceedings. He immediately alerted the Plaintiffs' counsel to the mistake and asked concurrence in the filing of an amended answer to clear it up. Romero's attorney sent a letter to the Plaintiffs' counsel the same day that he learned of his mistake.

The Plaintiffs' counsel learned that Romero's counsel did not think Romero was not a state actor when they received the letter on February 5, 2004. They thus knew about the mistake at the very beginning of the pre-trial discovery period. The Court had lifted the stay of discovery the day before Romero's attorney sent this letter to the Plaintiffs' counsel. Despite that the Plaintiffs' counsel knew that Romero may not be a state employee, they did not take any steps to engage in discovery on that issue until nearly two months later.

The Court believes that Romero's motion is timely. Romero's attorney disclosed his mistake to the Plaintiffs' counsel the same day that he learned of it. This disclosure occurred only one day after the Court lifted a stay of discovery in this case. Accordingly, the Court will not deny the motion to amend as untimely.

## III.  THE PROPOSED AMENDMENT WILL NOT CAUSE THE PLAINTIFFS TO SUFFER UNDUE PREJUDICE.

The Plaintiffs contend that, as a result of Romero's admissions, they have been operating under the belief that Romero's status as a governmental employee and state actor are not at issue. At the time the Plaintiffs responded to Romero's motion to amend, they had not served discovery on Romero. The Plaintiffs assert that, should the Court permit Romero to amend his answer to withdraw his earlier admission, the Plaintiffs will likely find themselves in the precarious position of having to respond to a summary judgment motion based on Romero's status as a state actor without having had a chance to gather documents and information with which they may oppose such a motion. The Plaintiffs contend that this situation will result in undue prejudice to the Plaintiffs.

No party shall be prejudiced. The only effect of the amendment shall be to make the answer reflect Romero's true response to the allegation that he is a state employee and state actor. Since the

time the Plaintiffs responded to this motion, they have served discovery on Romero. Some of that discovery directly addresses the issue whether Romero is a state employee. At an earlier hearing, the Court ruled that it would allow the Plaintiffs to conduct discovery on Romero's status as a state employee before responding to the portion of the motion for summary judgment that pertains to Romero. At the hearing scheduled for May 26, 2004, the Court will hear argument on only the portion of the summary judgment motion pertaining to Defendant Serna. Accordingly, the Court finds that allowing the amendment will not unduly prejudice the Plaintiffs and will not deny the motion on that basis.

Because the Court finds that the Plaintiffs have not established the presence of any of the reasons counseling against amendment that the United States Supreme Court listed in Foman v. Davis, the Court will grant the motion.

**IT IS ORDERED** that Defendant Nestor Romero's Motion to Amend His Answer to the Complaint is granted.

_____
UNITED STATES DISTRICT JUDGE

Counsel:

Paul J. Kennedy
Mary Y.C. Han
Adam Baker
KENNEDY & HAN, P.C.
Albuquerque, New Mexico

    *Attorneys for the Plaintiffs*

John B. Pound
HERRERA, LONG, POUND & KOMER, P.A.
Santa Fe, New Mexico

>   *Attorneys for Defendants Eric Serna*
>       *and Nestor Romero*


Geoffrey D. Rieder
Travis G. Jackson
Wayne R. Suggett
MAESTAS, REIDER, & SUGGETT, P.C.
Albuquerque, New Mexico

– and –

John Wentworth
Jerry Todd Wertheim
JONES, SNEAD, WERTHEIM & WENTWORTH, P.A.
Santa Fe, New Mexico

>   *Attorneys for Defendants New Mexico Mutual Casualty Company,*
>       *Johnny Suarez, Paul Cannizarro, Deborah Payne, Karen Alarid,*
>       *Raymond Perovich, Ted Knight, Bill Garcia, Fabian Chavez,*
>       *Charles Duke Colkett, Ron Moshel, and Brian Stokes*