IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BEVERLY JORNIGAN, DWIGHT WARD, and
JON MORAN,

       Plaintiffs,

vs.                                     No. CIV-03-0813 JB/ACT

NEW MEXICO MUTUAL CASUALTY
COMPANY, and WARREN SMALLEY,
JOHNNY SUAREZ, PAUL CANNIZARRO,
DEBORAH PAYNE, KAREN ALARID,
RAYMOND PEROVICH, TED KNIGHT, BILL
GARCIA, FABIAN CHAVEZ, CHARLES DUKE
COLKETT, RON MOSHEL, BRIAN STOKES,
NESTOR ROMERO, and ERIC SERNA, in their
Individual capacities,

       Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendants' Opposed Emergency Motion for Protective Order and Motion for Stay of Litigation Until Qualified Immunity Issue is Resolved, or in the Alternative, Motion for Extension of Time to Respond to Plaintiffs' Discovery Requests, filed June 8, 2004 (Doc. 101). The primary issue is whether the Court should issue a protective order shielding the Defendants from either all or some discovery. Because the Court is available to hold a hearing on the qualified immunity issue within the next ten days, and the parties have agreed to stay discovery until that hearing, the Court will grant the Defendants' motion for protective order regarding the currently outstanding discovery and stay all other discovery until it decides the qualified immunity issue.

## PROCEDURAL BACKGROUND

On April 15, 2004, the Court held a telephonic hearing with counsel to advise them of its decision on Defendants New Mexico Mutual Casualty Company ("NMMCC"), Johnny Suarez, Paul Cannizarro, Deborah Payne, Karen Alarid, Raymond Perovich, Ted Knight, Bill Garcia, Fabian Chavez, Charles Duke Colkett, Ron Moshel, and Brian Stokes' Motion to Dismiss.  On April 19, 2004, the Court issued a Memorandum Opinion and Order incorporating that decision.  Five weeks later, on May 26, 2004, those same Defendants (collectively the "NMMCC Defendants") filed a Second Motion to Dismiss in light of the Court's April 19, 2004 Memorandum Opinion and Order finding that the NMMCC Defendants are state actors because: (i) NMMCC is a governmental entity; and (ii) that the individual board members are public officials.  In light of those holdings, the NMMCC Defendants moved to dismiss the Plaintiffs' § 1983 claims, asserting, among other things: (i) Eleventh Amendment immunity for the state entity as well as the board members acting in their official capacities; and (ii) qualified immunity for board members to the extent they are sued in their individual capacities.  In that motion, the NMMCC Defendants also requested that the Court stay further proceedings pending disposition of that motion.

On the same day that the NMMCC Defendants filed their second motion to dismiss, the Court held a hearing on Defendants Nestor Romero's and Eric Serna's motion for summary judgment.  In addition to requesting a stay in the second motion to dismiss, the NMMCC Defendants raised this issue at the May 26, 2004 hearing and in a June 1, 2004 letter to the Court, in which the NMMCC Defendants requested a telephonic status conference to address pending interrogatories and requests for production that the Plaintiffs have propounded.  The NMMCC Defendants represent that the pending discovery involves substantial and complex requests which are now due on June 9, 2004.

-2-

<u>See</u> Plaintiff Beverly Jornigan's First Set of Interrogatories to Defendant New Mexico Mutual Casualty Company; Plaintiff Beverly Jornigan's First Set of Requests for Production to Defendant New Mexico Mutual Casualty Company; Certificate of Service, filed May 7, 2004 (Doc. 85).

The NMMCC Defendants alternatively sought a three-week extension from the Plaintiffs until the qualified immunity/stay issue was resolved.  The Plaintiffs would only agree to a two-week extension of time with the condition that the NMMCC Defendants agree to respond to the discovery requests within two weeks even if the Court grants a stay of litigation.  The NMMCC Defendants believe that such an agreement would contradict the principles underlying qualified immunity; they move pursuant to rule 26(c) of the Federal Rules of Civil Procedure for an order granting the NMMCC Defendants a protective order against certain discovery requests that are presently pending and a stay of litigation pending resolution of the NMMCC Defendants' qualified immunity defense.

## LAW ON DISCOVERY AND QUALIFIED IMMUNITY

The Supreme Court of the United States has repeatedly emphasized the broad protection that the defense of qualified immunity provides and stressed that it protects government officials not only from having to stand trial, but from having to bear the burdens attendant to litigation, including pretrial discovery.  <u>See</u> <u>Saucier v. Katz</u>, 533 U.S. 194, 200-201 (2001)(repeating that the shield provided by the qualified immunity doctrine is "'an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial.'")(quoting <u>Mitchell v. Forsyth</u>, 472 U.S. 511, 526 (1985)).  The defense is "meant to give government officials a right, not merely to avoid standing trial, but also to avoid the burdens of such pretrial matters as discovery."  <u>Behrens v. Pelletier</u>, 516 U.S. 299, 308 (1996)(citations and internal quotation marks omitted).  Consequently, courts should "'resolv[e] immunity questions at the earliest

possible stage in litigation.'" Albright v. Rodriguez, 51 F.3d 1531, 1534 (10th Cir. 1995)(quoting

Hunter v. Bryant, 502 U.S. 224, 227 (1991)). "Lawsuits against government officials asserting

qualified immunity should be resolved, when possible, prior to discovery." Butler v. Rio Rancho

Public School Bd. of Educ., 245 F.Supp.2d 1203, 1209 (D.N.M. 2002).

When a defendant raises qualified immunity as a defense, the district court should stay

discovery until the immunity is resolved. The United States Court of Appeals for the Tenth Circuit

has been clear on this issue:

> Discovery should not be allowed until the court resolves the threshold question
> whether the law was clearly established at the time the allegedly unlawful action
> occurred. The question is purely legal, and a court cannot avoid answering the
> question by framing it as factual. The court must first determine whether the actions
> defendants allegedly took are actions that a reasonable [person] could have believed
> lawful. If the actions are those that a reasonable person could have believed were
> lawful, defendants are entitled to dismissal before discovery.

Workman v. Jordan, 958 F.2d 332, 336 (10th Cir. 1992)(citations and internal quotation marks

omitted). "If the actions are not those that a reasonable person could have believed were lawful, then

discovery may be necessary before a motion for summary judgment on qualified immunity grounds

can be resolved. However, any such discovery must be tailored specifically to the immunity

question." Id.

## LEGAL ANALYSIS

Full discovery against the individual defendants would contradict the principles underlying

qualified immunity. Before the hearing on the motion for protective order, the Plaintiffs had agreed

to grant the NMMCC Defendants a two-week extension of time to respond to the pending discovery

requests. The Court has scheduled a hearing on the Eleventh Amendment and qualified immunity

issues for Friday, June 18, 2004. This hearing date is within the time frame to which the Plaintiffs

initially agreed.  Thus, all parties agreed to stay discovery until that time.  If necessary, the Court will revisit the issue of an extension of time to respond to pending discovery requests after ruling on the Eleventh Amendment and qualified immunity issues.  The Court will issue a protective order postponing the NMMCC Defendants' discovery responses in the interim.

**IT IS ORDERED** that the NMMCC Defendants' request for an emergency protective order from pending discovery requests is granted.  The Court hereby issues a protective order with regard to all discovery currently pending against the NMMCC Defendants.  If necessary, the Court will reconsider the issue of an extension of time for the NMMCC Defendants to respond to discovery after the Court rules on the Eleventh Amendment and qualified immunity issues at the June 18, 2004 hearing.

_____
UNITED STATES DISTRICT JUDGE

Counsel:

Paul J. Kennedy
Mary Y.C. Han
Adam Baker
Kennedy & Han, P.C.
Albuquerque, New Mexico

   *Attorneys for the Plaintiffs*

Geoffrey D. Rieder
Travis G. Jackson
Maestas, Rieder & Suggett, P.C.
Albuquerque, New Mexico

– and –

John Wentworth
Jerry Todd Wertheim
Jones, Snead, Wertheim & Wentworth, P.A.
Santa Fe, New Mexico

> *Attorneys for Defendants New Mexico Mutual Casualty*
> *Company, Johnny Suarez, Paul Cannizarro, Deborah Payne,*
> *Karen Alarid, Raymond Perovich, Ted Knight, Bill Garcia,*
> *Fabian Chavez, Charles Duke Colkett, Ron Moshel, and*
> *Brian Stokes*

Douglas A. Baker
Modrall, Sperling, Roehl, Harris & Sisk, P.A.
Albuquerque, New Mexico

> *Attorneys for Defendant Warren Smalley*

John B. Pound
Herrera, Long, Pound & Komer, P.A.
Santa Fe, New Mexico

> *Attorneys for the Defendants Eric Serna*
> *and Nestor Romero*